UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>$30,000.00 IN UNITED STATES )<br>CURRENCY, More or less; )<br>)<br>Defendant. )<br>_____ ) | Case No. 17-_1142_____ |

## COMPLAINT FOR FORFEITURE IN REM

Plaintiff, United States of America, by and through its attorneys, Thomas E. Beall, United States Attorney for the District of Kansas, and Sean Hatfield, Special Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### NATURE OF THE ACTION

1. This is an action to forfeit and condemn to the use and benefit of the United States of America the following property: $30,000.00 in U.S. Currency, more or less (hereinafter "defendant property"), for violations of 21 U.S.C. § 841.

### THE DEFENDANT IN REM

2. The defendant property consists of: $30,000.00 in United States currency, more or less, that was seized on January 17, 2017 by the Kansas Highway Patrol during a consensual encounter at the Bunker Hill Truck Stop, 4115 193rd, Bunker Hill, Russell County, in the

District of Kansas. The currency is currently in the custody of the United States Marshal Service.

## JURISDICTION AND VENUE

3. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355.

4. This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. 1355(b). Upon filing this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district and/or pursuant to 28 U.S.C. § 1395, because the defendant property is located in this district.

## BASIS FOR FORFEITURE

6. The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes 1) money, negotiable instruments, securities and other things of value furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; and/or 2) proceeds traceable to such an exchange; and/or 3) money, negotiable instruments, and securities used or intended to be used to facilitate a violation of the Controlled Substances Act.

## FACTS

7.  Supplemental Rule G(2)(f) requires this complaint to state *sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial*.  Such facts and circumstances supporting the seizure and forfeiture of the defendant property are contained in Exhibit A which is attached hereto and incorporated by reference.

## CLAIM FOR RELIEF

WHEREFORE, the plaintiff requests that the Court issue a warrant for the arrest of the defendant property; that notice of this action be given to all persons who reasonably appear to be potential claimants of interests in the properties; that the defendant property be forfeited and condemned to the United States of America; that the plaintiff be awarded its costs and disbursements in this action; and for such other and further relief as this Court deems proper and just.

The United States hereby requests that trial of the above entitled matter be held in the City of Wichita, Kansas.

Respectfully submitted,

THOMAS E. BEALL
United States Attorney

*/s/ Sean Hatfield/*

SEAN M.A. HATFIELD, #24098
Special Assistant United States Attorney
1200 Epic Center, 301 N. Main
Wichita, Kansas 67202
(316) 269-6481

## DECLARATION

I, Scott Proffitt, am a Task Force Officer with the Drug Enforcement Administration in the District of Kansas.

I have read the contents of the foregoing Complaint for Forfeiture, and the exhibit thereto, and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this __19__ day of June, 2017.

TFO Scott Proffitt
DEA

## AFFIDAVIT

I, Scott Proffitt, being first duly sworn, depose and state:

1. Your Affiant has been employed as a Kansas Highway Patrol (KHP) Trooper for thirteen (13) years and has been cross-designated as a DEA Task Force Officer for four (4) years. My duties include investigation of violations of the Controlled Substance Act, Title 21 of the United States Code and the forfeitures thereto.

2. The information contained in this affidavit is known to your Affiant through personal direct knowledge, and /or through a review of official reports prepared by other law enforcement personnel. This affidavit is submitted in support of a forfeiture proceeding.

3. On or about January 17, 2017, Kansas Highway Patrol Trooper Jerrad Goheen made consensual contact with the occupants of a rented 2016 Dodge Durango at the Bear House Cafe parking lot located at 4115 193rd St, Bunker Hill, Russell County, Kansas, in the District of Kansas.  Trooper Goheen had earlier witnessed the Dodge Durango failing to maintain its lane of travel, but before Trooper Goheen could stop the vehicle it had exited the Interstate and stopped at The Bear House Café which is also a gas station. The vehicle was driven by Justin Leon of Denver, Colorado, and there was one passenger, Dale Smith, of Las Vegas, Nevada.

4. Leon said they were headed to Virginia and then left the conversation to enter the business.  Smith stayed and said that they were headed to South Carolina.  Smith showed the Trooper the vehicle's rental paperwork showing that it was due to have been returned to the rental company the previous day in Las Vegas.  Smith told the Trooper that there were no drugs or large sums of currency in the vehicle.

5. A consensual search of the Durango revealed $30,000.00 in U.S. currency wrapped in a plastic sack hidden in a natural void behind the rear cargo wall area of the Durango. Smith and Leon, unaware that the Trooper located the currency, continued to deny that there was any currency in the vehicle. A small amount of marijuana was also located in the Durango.

6. When another Trooper arrived, Smith then volunteered that he had forgotten about some currency that he had in the vehicle, and that he had won it at a casino. Smith later said the casino story was not true, that he had received the money as a loan from an unknown person that he had met in a Lowe's Home Improvement store parking lot. Though he tried numerous times, Smith's estimates of how much currency was found hidden in the vehicle did not come even close to the actual amount.

7. Later, a certified drug detection canine alerted to the odor of controlled substances emitting from the currency.

8. Based on the information set out above, Affiant has probable cause to believe that the $30,000.00 seized by the KHP constitutes money or other things of value furnished or intended to be furnished in exchange for controlled substances, or proceeds traceable to such an exchange, or was used or intended to be used to facilitate one or more violations of Title 21, U.S.C. § 841 et.seq. Accordingly, the $30,000.00 is subject to forfeiture pursuant to Title 21, U.S.C. §§ 853 and 881.

_[signature]_
Scott Proffitt, TFO
DEA

Sworn to telephonically before me this 19th day of June, 2017

_[signature]_
Notary Public

JENNIFER LYNN DENNY
Notary Public - State of Kansas
My Appt. Expires 1-27-2020